IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| AURELIANO GONZALEZ *and* | § | |
| MARCELINA GONZALEZ | § | |
| *Plaintiffs*, | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. M-21-318 |
| | § | |
| | § | |
| JUAN GABRIEL RANGEL DBA | § | |
| TRANSPORTES RANGEL        *and* | § | |
| ISIDRO RODRIGUEZ-RODRIGUEZ | § | |
| *Defendants*. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

NOW COMES, AURELIANO GONZALEZ and MARCELINA GONZALEZ, Plaintiffs in the above-styled and numbered cause, and files this Original Complaint, complaining of and about ISIDRO RODRIGUEZ-RODRIGUEZ and JUAN GABRIEL RANGEL DBA TRANSPORTES RANGEL ("Transportes Rangel"), Defendants, and in support thereof would respectfully show unto this Court as follows:

1.

Parties and Service

1.1    Plaintiff, Aureliano Gonzalez, is an individual residing in Weslaco, Hidalgo County, Texas.

1.2    Plaintiff, Marcelina Gonzalez, is an individual residing in Weslaco, Hidalgo County, Texas.

1.3    Defendant, Isidro Rodriguez-Rodriguez, is an individual residing in Reynosa, Tamaulipas, Mexico, and may be served with process by serving the Chairman of the Texas

Transportation Commission, J. Bruce Bugg, Jr., at 125 E. 11th Street, Austin, Texas 78701, who can forward process to Isidro Rodriguez-Rodriguez at the following address: 124 Villa Del Carmen, Reynosa, Tamaulipas, Mexico 88787.

1.4    Defendant, Juan Gabriel Rangel DBA Transportes Rangel, is a foreign corporation organized and existing under the laws of Mexico and may be served with process by serving the registered agent for the company, David R. Cantu, 514 W. Expressway 83, McAllen, Texas 78501. This individual may also be served with process by serving the Chairman of the Texas Transportation Commission, J. Bruce Bugg, Jr., at 125 E. 11th Street, Austin, Texas 78701, who can forward process to Juan Gabriel Rangel at the following address: Villa Del Carmen 124 Col Fracc Villa Re Reynosa, TA 88787, MX.

2.
Jurisdiction and Venue

2.1    This Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

2.2    Venue is proper in this matter pursuant to Title 28 U.S.C. §1391(b) because the cause of action arose within the Southern District of Texas, McAllen Division.

2.3    Venue is proper in this district under 28 U.S.C. §1402(b) because the acts and omissions complained of occurred in this district.

3.
Factual Background

3.1    This lawsuit arises from a motor vehicle collision that occurred on or about May 1, 2021 in Donna, Hidalgo County, Texas. At approximately 5:02 p.m., Plaintiff, Aureliano Gonzalez, was the restrained driver of a 2010 Ford Ranger traveling southbound around the 2200

Block of Goolie Road. At all times, Plaintiff, Marcelina Gonzalez, was a passenger in Plaintiff, Aureliano Gonzalez's vehicle.

3.2    At said date, time, and location, Defendant Isidro Rodriguez-Rodriguez was stationary in a 1999 International 9200 Tractor Trailer due to a stop sign at the 300 Block of Ramsey Road, while in the course, scope, and in furtherance of his employment with Defendant Transportes Rangel. The collision occurred when Defendant Isidro Rodriguez-Rodriguez failed to yield the right-of-way to Plaintiff and improperly attempted to continue eastbound on Ramsey Road, which caused him to collide with the front right side of Plaintiff's vehicle.

3.3    As a direct and proximate result of the collision, Plaintiffs suffered physical and emotional injuries and damages. As a result of the physical and emotional injuries, Plaintiffs have incurred reasonable and necessary medical expenses and, in all probability, will continue to incur reasonable and medical expenses well into the future.

3.4    At the time of the collision, Defendant Isidro Rodriguez-Rodriguez was an employee of Transportes Rangel and was acting within the course, scope, and in furtherance of his employment.  Pleading further, and in the alternative, Defendant Isidro Rodriguez-Rodriguez was a statutory employee under the Statutory Employee Doctrine. In this regard, an interstate motor carrier such as Defendant Transportes Rangel is required to assume full direction and control of the vehicles that it leases, and the drivers that it hires or dispatches, pursuant to 49.U.S.C.A. §14102(a) (1997). As a result, Defendant Transportes Rangel had exclusive control of the tractor-trailer combination operated by Defendant Isidro Rodriguez-Rodriguez, and such carriers are deemed to have assumed complete responsibility for the operation of the commercial motor vehicle at all relevant times, in accordance with 49 C.F.R. §§376.11-.12 (2000). Thus, Defendant Transportes Rangel is vicariously liable, jointly and severally, as a matter of law under the Federal

Motor Carrier Safety Regulations for any and all negligent acts and/or omissions committed by Defendant Isidro Rodriguez-Rodriguez.

3.5    Alternatively, Defendant Transportes Rangel is vicariously liable with respect to all negligent acts and/or omissions by Defendant Isidro Rodriguez-Rodriguez under traditional common-law doctrines of the master-servant relationship and *respondeat superior.*

4.
Cause of Action Against Defendant Isidro Rodriguez-Rodriguez

4.1    Defendant Transportes Rangel is the responsible parties for the actions of its employee, Defendant Isidro Rodriguez-Rodriguez, who was acting within the course and scope of his employment.

4.2    Under the doctrine of *respondeat superior*, Defendant Transportes Rangel is vicariously liable for the actions of its employee, Defendant Isidro Rodriguez-Rodriguez, while in the course and scope of his employment. The collision and resulting injuries and damages were proximately caused by the negligent acts and/or omissions of Defendant Transportes Rangel's employee in one or more of the following particulars:

4.2.1    In that Defendant Isidro Rodriguez-Rodriguez failed to keep a proper lookout for Plaintiffs' safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

4.2.2    In that Defendant Isidro Rodriguez-Rodriguez failed to give the right of way at an intersection indicated by a stop sign as would have been done by a person of ordinary prudence under the same or similar circumstances in violation of §545.151, §544.010, and §545.153 of the Texas Transportation Code;

4.2.3    In that Defendant Isidro Rodriguez-Rodriguez failed to keep a proper lookout in order to avoid colliding with other vehicles, specifically, with Plaintiff's motor vehicle, as done by a person of ordinary prudence under the same or similar circumstances;

4.2.4    In that Defendant Isidro Rodriguez-Rodriguez failed to apply his brakes to his motor vehicle in a timely and prudent manner;

4.2.5    In placing Plaintiffs in a position of peril due to Defendant Isidro Rodriguez-Rodriguez's lack of due care and exercise of ordinary prudence of a person of his maturity and capacity § 545.401 of the Texas Transportation Code;

4.2.6    In failing to take evasive action to avoid colliding with Plaintiff's vehicle;

4.2.7    In failing to use the tractor trailer's horn, lights, and/or other equipment to warn Plaintiffs of the impending collision;

4.2.8    Defendant Isidro Rodriguez-Rodriguez operated his vehicle in violation of hours of service regulation, 49 C.F,R, 395.3, and when too tired to do so safely, in violation of 49 C.F.R. 392.3;

4.2.9    Defendant Isidro Rodriguez-Rodriguez failed to properly record his duty status, in violation of 49 C.F.R. 395.8;

4.2.10   Defendant Isidro Rodriguez-Rodriguez failed to properly inspect his vehicle prior to operation, in violation of 49 C.F.R. 36.13;

4.2.11   Defendant Isidro Rodriguez-Rodriguez operated his vehicle in an unsafe condition, in violation of 49 C.F.R 396.7;

4.2.12   Defendant Isidro Rodriguez-Rodriguez failed to properly report the results of the vehicle inspections, in violation of 49 C.F.R 396.11; and/or

4.2.13   Defendant Isidro Rodriguez-Rodriguez drove a vehicle he was not qualified to operate because he did not meet the driver qualification standards of 49 C.F.R 391.21 through 49 C.F.R 391.27 and 49 C.F.R391.15.

4.3    Plaintiffs' injuries were proximately caused by Defendant Isidro Rodriguez-Rodriguez's negligent, careless and reckless disregard of said legal duties.

4.4    Each of these acts and/or omissions, whether taken singularly or in any combination, constituted negligence, negligence per se, and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiffs have suffered and which Plaintiffs will continue to suffer in the future.

4.5    The above-referenced acts and/or omissions by Defendant Isidro Rodriguez-Rodriguez constituted gross negligence and/or malice as those terms are defined in §§ 41.001(7)

and 41.001(11) of the TEXAS CIVIL PRACTICE & REMEDIES CODE. Defendant Isidro Rodriguez-Rodriguez was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant Isidro Rodriguez-Rodriguez was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiffs. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiffs.

4.6     Defendant Isidro Rodriguez-Rodriguez 's acts or omissions described above, when viewed objectively from his standpoint at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiffs and others.

4.7     Defendant Isidro Rodriguez-Rodriguez had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiffs and others.

4.8     The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiffs.

5.
Causes of Action Against Defendant Transportes Rangel

5.1     Defendant Transportes Rangel is liable under the doctrine of *respondeat superior* in that Defendant Isidro Rodriguez-Rodriguez was operating the vehicle in the course and scope of his employment with Defendant Transportes Rangel at the time of the collision, and Defendant Isidro Rodriguez-Rodriguez was engaged in the furtherance of Defendant Transportes Rangel's business.

5.2     At the time of the occurrence of the act in question and immediately prior thereto, Defendant, Isidro Rodriguez-Rodriguez was engaged in accomplishing a task for which Defendant

6

Isidro Rodriguez-Rodriguez was employed. Thus, Plaintiffs invoke the legal doctrine of *respondeat superior* against Defendant Transportes Rangel.

5.3    Furthermore, Defendant Transportes Rangel was independently negligent in one or more of the following respects:

a.    negligent hiring of Defendant Isidro Rodriguez-Rodriguez;
b.    negligent entrustment of the vehicle to Defendant Isidro Rodriguez-Rodriguez;
c.    negligent driver qualification of Defendant Isidro Rodriguez-Rodriguez;
d.    negligent training and supervision of Defendant Isidro Rodriguez-Rodriguez;
e.    negligent retention of Defendant Isidro Rodriguez-Rodriguez;
f.    negligent contracting of Defendant Isidro Rodriguez-Rodriguez; and,
g.    negligent maintenance of the subject commercial motor vehicle.

5.4    As described herein, Defendant Transportes Rangel was negligent on the occasion in question and such negligence was the proximate cause of Plaintiffs' injuries and damages.

5.5    Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence, negligence per se, gross negligence and malice which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiffs suffered and which they will continue to suffer in the future, as well as the damages and other losses to Plaintiffs.

5.6    The above-referenced acts and/or omissions by Defendant Transportes Rangel constituted gross negligence and/or malice as those terms are defined in §§ 41.001(7) and 41.001(11) of the Texas CIVIL PRACTICE & REMEDIES CODE. Defendant was heedless and reckless, and their actions constituted an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendant was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiffs. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiffs.

5.7     Defendant's acts or omissions described above, when viewed from the standpoint of Defendant at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiffs and others.

5.8     Defendant had actual, subjective awareness of the risk involved, but still proceeded in the indifference to the rights, safety, or welfare of Plaintiffs and others.

5.9     The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiffs.

6.
Exemplary Damages

6.1     Plaintiffs' injuries resulted from the Defendants' gross negligence, and therefore Plaintiffs are entitled to exemplary damages under section 41.003 (a) of the Texas Civil Practice & Remedies Code. The above-referenced acts and/or omissions by Defendants also, or alternatively, constitute malice as that term is defined in Section 41.001(7)(B) Texas Civil Practice and Remedies Code.

6.2     Therefore, for such gross negligence and/or malice on behalf of Defendants, Plaintiffs respectfully request exemplary damages in an amount to be determined by a jury of their peers.

7.
Damages for Aureliano Gonzalez

7.1     As a direct and proximate result of the actions of Defendants as set forth above, Plaintiff, Aureliano Gonzalez, sustained personal injuries which have resulted in losses and damages recoverable by law.

7.2     Plaintiff would respectfully request the Court to determine the amount of loss Plaintiff has incurred in the past and will incur in the future, not only from a financial standpoint,

but also in terms of good health and freedom from physical and mental pain and suffering. There are certain elements of damages, provided by law, that Plaintiff is entitled to have the jury in this case separately consider to determine the sum of money for each element that will fairly and reasonably compensate Plaintiff for the injuries and damages and losses incurred and to be incurred in the future.

7.3    From the date of the incident in question until the time of trial of this case, those elements of damages to be considered separately and individually for the purposes of determining the sum of money that will fairly and reasonably compensate Plaintiff for each element are as follows:

7.3.1    Reasonable medical care and expenses in the past. These expenses were incurred by the Plaintiff, Aureliano Gonzalez, for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Texas;

7.3.2    Physical pain and suffering that the Plaintiff has suffered from the date of the incident in question to the time of trial;

7.3.3    The damages resulting from the physical impairment suffered by Plaintiff and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform; and

7.3.4    The damages resulting from the physical impairment suffered by Plaintiff and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform.

7.4    From the time of trial of the case, the elements of damages to be separately and individually considered which Plaintiff will sustain in the future beyond the time of trial are the following:

7.4.1    The reasonable value of medical expenses that will necessarily be incurred in the treatment of Plaintiff's injuries in the future beyond the time of trial;

7.4.2    Physical pain and suffering that the Plaintiff will suffer in the future beyond the time of trial;

7.4.3    The damages resulting from the physical impairment the Plaintiff will continue to suffer in the future and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform in the future beyond the time of trial;

7.4.4    Loss of earning capacity in the past and which will, in all probability be incurred in the future; and

7.4.5    The mental anguish that Plaintiff will suffer in the future beyond the time of trial.

## 8.
### Damages for Marcelina Gonzalez

8.1    As a direct and proximate result of the actions of Defendants as set forth above, Plaintiff, Marcelina Gonzalez, sustained personal injuries which have resulted in losses and damages recoverable by law.

8.2    Plaintiff would respectfully request the Court to determine the amount of loss Plaintiff has incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from physical and mental pain and suffering.  There are certain elements of damages, provided by law, that Plaintiff is entitled to have the jury in this case separately consider to determine the sum of money for each element that will fairly and reasonably compensate Plaintiff for the injuries and damages and losses incurred and to be incurred in the future.

8.3    From the date of the incident in question until the time of trial of this case, those elements of damages to be considered separately and individually for the purposes of determining the sum of money that will fairly and reasonably compensate Plaintiff for each element are as follows:

8.3.1    Reasonable medical care and expenses in the past. These expenses were incurred by the Plaintiff, Marcelina Gonzalez, for the necessary care and treatment of the injuries resulting from the accident complained of herein

10

and such charges are reasonable and were usual and customary charges for such services in Texas;

8.3.2    Physical pain and suffering that the Plaintiff has suffered from the date of the incident in question to the time of trial;

8.3.3    The damages resulting from the physical impairment suffered by Plaintiff and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform; and

8.3.4    The damages resulting from the physical impairment suffered by Plaintiff and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform.

8.4    From the time of trial of the case, the elements of damages to be separately and individually considered which Plaintiff will sustain in the future beyond the time of trial are the following:

8.4.1    The reasonable value of medical expenses that will necessarily be incurred in the treatment of Plaintiff's injuries in the future beyond the time of trial;

8.4.2    Physical pain and suffering that the Plaintiff will suffer in the future beyond the time of trial;

8.4.3    The damages resulting from the physical impairment the Plaintiff will continue to suffer in the future and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform in the future beyond the time of trial;

8.4.4    Loss of earning capacity in the past and which will, in all probability be incurred in the future; and

8.4.5    The mental anguish that Plaintiff will suffer in the future beyond the time of trial.

9.
Interest on Damages

9.1    To the extent provided by law, Plaintiffs further plead for pre and post judgment interest, at the highest prevailing judgment rate allowed by law, on any damages awarded by this Court. Plaintiffs plead that if they are not allowed such pre and post judgment interest, that they

would not be fully compensated, and that they would be denied an opportunity to earn interest on the damages Plaintiffs sustained between the time of the incident and the time of judgment.

10.

<u>Jury Demand</u>

10.1    Plaintiffs request a trial by jury.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Aureliano Gonzalez and Marcelina Gonzalez, respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

By:  ***/s/ Daniel Torres***
Daniel A. Torres
State Bar No. 24046985
Federal Bar No. 573645
daniel@jvlawfirm.com

Javier Villarreal
State Bar No. 24028097
Federal Bar No. 30384
jv@jvlawfirm.com

**ATTORNEYS FOR PLAINTIFF**

**Of Counsel:**
**LAW OFFICES OF JAVIER VILLARREAL, P.L.L.C.,**
2401 Wildflower Drive, Suite A
Brownsville, Texas 78526

Tel: (956) 300-0000
Fax: (956) 550-0877